UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| SHARON K. HALL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:15 CV 183 |
|  | ) |  |
| MEMORIAL HOSPITAL OF SOUTH BEND, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION and ORDER

**I.     BACKGROUND**

In her complaint, plaintiff alleges that she worked for defendant, Memorial Hospital of South Bend ("the Hospital"), for 28 years. (DE # 1 at 2.) Plaintiff alleges that in late February of 2014, she learned that a new position was opening up, so she informed the Supervisor/Head Cook, Mr. Hernandez, that she was interested in the position and had the most seniority for it. (*Id.*) Plaintiff alleges that a few days later, she was investigated by Hernandez, and that in early March of 2014, she was fired. (*Id.*) Plaintiff claims she was terminated because of her race and age. (*Id.*)

The Hospital and Hernandez moved to dismiss Counts I, III, and IV of plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (DE # 8.) Plaintiff responded, conceding that her only claim against Hernandez (Count III, in part) should be dismissed, but contesting some of defendant's other arguments. (DE # 11 at 7.) Defendant replied (DE # 12), and the parties stipulated to the dismissal of Hernandez from this lawsuit. (DE #

17.) The court now considers the Hospital's arguments from the motion to dismiss, as the arguments made by Hernandez are now moot. (DE # 8.)

## II. LEGAL STANDARD

The Hospital has moved to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a Rule 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus* , 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and

conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

#### 1. *Count I: Disparate Treatment*

In this case, defendant argues that plaintiff's Title VII disparate treatment claim is subject to dismissal because it is too speculative. However, the Seventh Circuit has stated that a plaintiff alleging employment discrimination "may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). In *Swanson*, already discussed briefly, the Seventh Circuit held that the plaintiff's discrimination complaint satisfied Rule 8 because it identified the type of discrimination the plaintiff thought occurred (racial), by whom (a bank), and when (in connection with her efforts

to obtain a home equity loan). 614 F.3d at 405. According to the Seventh Circuit, "[t]his was all that was needed to put in the complaint." *Id.* Under *Swanson,* a plaintiff alleging discrimination need only allege "how, in the plaintiff's mind at least, the dots should be connected" to comply with *Twombly* and *Iqbal. Id.* at 405; *see also Tamayo*, 526 F.3d at 1084 ("[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [racial] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [race].").

In this case, plaintiff has alleged facts sufficient to satisfy Rule 8 and *Swanson*. Specifically, plaintiff has alleged that she was terminated on the basis of her race by defendant in March of 2014. This was "all that was needed to put in the complaint." *Swanson,* 614 F.3d at 405. Accordingly, defendant's motion to dismiss plaintiff's disparate treatment claim is denied.

2.  *Count III: Negligent Training and/or Supervision*

Defendant moves to dismiss plaintiff's claim for negligent training and/or supervision. Defendant argues, correctly, that under Indiana law, this tort occurs only "when an employee 'steps beyond the recognized scope of his employment to commit a tortious injury upon a third party.'" *Bd. of Sch. Comm'rs of City of Indianapolis v. Pettigrew,* 851 N.E.2d 326, 332 (Ind. Ct. App. 2006) (quoting *Tindall v. Enderle,* 320 N.E.2d 764, 768 (Ind. Ct. App. 1974)). In this case, plaintiff alleges that defendant negligently trained and supervised Hernandez, who in turn improperly responded to plaintiff's request for a promotion by opening an investigation in a discriminatory manner and

4

failed to abide by his employer's implied policies and procedures. (DE # 6 at 12-13.) All of these allegations relate to Hernandez's alleged actions as Supervisor/Head Cook while employed by defendant. In short, plaintiff has not alleged facts from which the court might infer that Hernandez stepped outside of the recognized scope of his employment to commit tortious injury upon plaintiff, and her claim for negligent training and/or supervision against defendant must be dismissed.

      3.      *Count IV: Intentional Infliction of Emotional Distress*

Defendant also moves to dismiss plaintiff's intentional infliction of emotional distress ("IIED") claim because plaintiff fails to allege facts suggesting that defendant engaged in extreme and outrageous conduct. Plaintiff argues that her IIED claim should survive because she was treated unfairly and unequally by defendant, which resulted in discharge from her employment. (DE # 11 at 8.)

In order to establish the tort of IIED under Indiana law, a plaintiff must show that the defendant engaged in extreme and outrageous conduct. *Waldrip v. Waldrip*, 976 N.E.2d 102, 117 (Ind. Ct. App. 2012). "Intentional infliction of emotional distress is found where conduct exceeds all bounds usually tolerated by a decent society and causes mental distress of a very serious kind." *Lachenman v. Stice*, 838 N.E.2d 451, 457 (Ind. Ct. App. 2005).

Indiana courts have been reluctant to award damages for intentional infliction of emotional distress in employment cases. *McCreary v. Libbey-Owens-Ford Co.,* 132 F.3d 1159, 1167 (7th Cir. 1997) (rejecting employee's IIED claim because "[i]t is not our place

to expand the tort of intentional infliction of emotional distress further than the Indiana courts have already done."). Further, most garden-variety employment actions do not qualify as outrageous for purposes of an IIED claim. *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 983 (7th Cir. 2008) ("None of the conduct complained of by the plaintiffs, which includes being demoted, questioned or criticized upon return from FMLA leave, passed over for raises or given reduced raises, denied tuition reimbursements, or given unexcused absences meet th[e] demanding standard [of 'outrageous'].").

Like the actions taken by the employer in *Breneisen,* defendant's alleged unfair and unequal treatment of plaintiff resulting in her discharge is an employment action that does not qualify as outrageous for purposes of stating an IIED claim under Indiana law. Accordingly, defendant's motion to dismiss plaintiff's IIED claim is granted.

## IV. CONCLUSION

For the above reasons, defendant's motion to dismiss (DE # 8) is **GRANTED, in part, and DENIED, in part**.

                                           **SO ORDERED.**

Date: March 16, 2016

                                     s/James T. Moody
                                     JUDGE JAMES T. MOODY
                                     UNITED STATES DISTRICT COURT